Bartley, J.
The errors assigned are founded in matters *of fact, and this court would not be disposed to disturb a decree resting upon facts which have been once found, except in a very clear case. Mere difference of opinion as to the weight of the evidence would not justify the reversal of a decree upon a bill of review. Buckley v. Gilmore, 12 Ohio, 75.
But we see no difficulty in sustaining this decree upon the facts of the case. The contract between Tracey and Saebet was of such a nature as would be properly regarded by any court of equity with scrutinizing jealousy. It is said by Justice Story that courts of chancery acting upon an enlarged equity flowing from the principles of natural justice, will afford protection to the necessitous and those approaching to an incapacity to bind themselves by a contract, against the designs of calculating rapacity, which the law constantly discountenances. To maintain this contract, on the part of Tracey, in a court of equity, even if divested of all circumstances of fraud or imposition, would require of him the utmost ■good faith in the mabing of the contract, and a strict performance, characterized by a benevolent regard for the welfare of those who were committed to his charge.
The proof of actual fraud upon the part of Tracey, or of insanity ■on the part of Saebet, was not essentially necessary, in order to set aside the contract. It appears to be well settled, as a general rule, “ that the acts and contracts of persons who are of weab understandings, and who are thereby liable to imposition, will be held void in courts of equity, if the nature of the act or contract justify the conclusion that the party has not exercised a deliberate judgment, but that he has been imposed upon, circumvented, or overcome by cunning, artifice, or undue influence.” Gartside v. Isherwood, 1 Brown’s Chan. 560 ; 1 Story’s Eq. Jur. sec. 238. It is laid down in the case of Cruise v. Christopher’s Administrator, 5 Dana, *51 181, that mental imbecility, not amounting to absolute disqualification, induces a vigilant and strict examination, in chancery, of the contracts made by one laboring under it; and when coupled with inadequacy *of consideration they constitute such evidence of fraud as may be sufficient to set aside a contract.
It is settled in Whitcburn v. Hines, 1 Munf. 557, that where one of weak intellect, though not 'an idiot, was induced to make a deed through the undue influence of one in whom he placed confidence, the deed was set aside. And it is laid down in the case of Buffalow v. Buffalow, 2 Dev. & Bat. Chan. 241, that a conveyance obtained from a man of weak mind, by taking advantage of confidence reposed by him in the grantee, will be set aside, although the grantor is not non compos.
The case of Dunn v. Chambers, 4 Barb. S. C. 376, was a bill in equity for relief against an improvident sale, and the evidence being found insufficient to justify a decree declaring the deed void, as having been fraudulently obtained, yet having been obtained under such circumstances as to render it at least unfair and unreasonable for the defendant to retain the full advantage of his bargain, the court may direct that the deed shall stand only as security for the defendant’s indemnity in respect of the sum actually advanced.
It is said that a court of equity will not measure the size of men’s understandings or capacities, there being no such thing as an equitable incapacity where there is a legal capacity; and that the law will not relieve a man who is capable of taking care of his own interest, except where he is imposed on by deceit, against which ordinary prudence could not protect him. But whatever weight this may be entitled to, and whatever may be its application, it is obvious that weakness of mind may constitute a very important circumstance to prove that a contract has been obtained through fraud, imposition, or undue influence. The strongest minds can not always protect themselves against deceit and artifice. The law requires that good faith should be observed in all transactions between man and man. And those who, from imbecility of mind, are incapable of guarding themselves against fraud and imposition, are under the special protection of the law.
*The rule to be collected from all the authorities, I take to be this: Where there is imbecility or weakness of mind arising from old age, sickness, intemperance, or other cause, and plain in *52 adequacy of consideration, or where there is weakness of mind, and circumstances of undue influence and advantage, in either case, a contract may be set aside in equity.
Applying this rule, there is no difficulty in sustaining this decree on the evidence in this case. There was great weakness of mind on the part of Saeket, arising from extreme old age, increased, perhaps, by intemperance and sickness. There was clearly an inadequacy of consideration, and an overreaching and undue- influence, and an unconscionable advantage on the part of Tracey, which, in a court of equity, fully justified the setting aside of the contract. Besides this, there was not that strict and full compliance with the terms of the contract on the part of Tracey, which good faith and the policy of the law required at his hands in a contract of this nature.
The terms of the contract required him not only to provide Saeket and his wife with food and raiment, “but everything necessary for their very comfortable existence and support.” And the nature of this contract required of him, in the performance on his part, a kind of benevolent regal’d for their dependent situation. He had no right to reduce them to a state of servitude. True, he claims they consented to, and even solicited the services imposed on them. This excuse is easily made by a person having the control ho had, from his position, over aged and weak-minded persons.
The fiduciary situation assumed by him in the contract enjoined upon him an entirely different course of treatment; and instead of having his mind fixed upon the matter of speculating and making property out of the arrangement, to the neglect of his religious duties, his attention should have been directed to the making of a suitable provision for the dependent persons taken by him under his control.
It is the opinion of the court that the decree carried out *the stipulation of the contract, which required “ all questions or difficulties to be decided on principles of equity.”
The bill is, therefore, dismissed.
Ranney, J., having been of counsel, did not sit in this case.